[No. 30420.   Department One.   February 6, 1948.]

A. E. WARREN et al., Respondents, v. PORTER
CONSTRUCTION CO., INC., Appellant.[1]

Brown & Brown and Richard W. Axtell, for appellant.

Royce & Hurley, for respondents.

HILL, J.—The trial court found that both Porter Construction Co., Inc., a corporation, the appellant here, and Hawthorne Improvement Co., Inc., a corporation, were insolvent, and appointed a receiver for each of them on January 28, 1947.  Porter Construction Co., Inc., appeals.

Hawthorne Improvement Co., Inc., is insolvent and owes the respondents approximately fifteen thousand dollars for labor performed and materials furnished.  Purchase orders in evidence clearly indicate that the labor and materials in question were ordered by the Porter Construction Company, in June, 1946, and that the labor was performed and the materials were furnished with the expectation and un-

[1]Reported in 189 P. (2d) 255.

derstanding by the respondents that the Porter Construction Company would pay therefor.

Whether Porter Construction Company was B. W. Porter doing business by that name or was Porter Construction Co., Inc., a corporation incorporated on July 1, 1946, seems not to have been a matter of any concern to respondents or to other concerns engaged in furnishing labor and materials. The operations, assets, and obligations of B. W. Porter, doing business as Porter Construction Company, and those of Porter Construction Co., Inc., a corporation, apparently were so merged that none of the concerns furnishing labor and materials seemed to be aware of the difference, if any. It is significant that, while the appellant strenuously insists that the obligation to pay for the labor and materials furnished on the basis of the purchase orders in evidence is solely that of Hawthorne Improvement Co., Inc., a corporation, it nowhere takes the position that it should be relieved from liability because the purchase orders were made prior to July 1, 1946.

■ Mr. B. W. Porter, president of both corporations, testified that the appellant had no more than one thousand dollars in the bank, and he testified to no other liquid assets. The value of all of its personal property, including equipment, did not equal fifteen thousand dollars. The test of the solvency of a corporation is its ability to meet its obligations in the ordinary course of business. *Guaranty Trust Co. v. Yakima First Nat. Bank,* 179 Wash. 615, 38 P. (2d) 384; *Stang v. Puget Sound Nat. Bank,* 188 Wash. 503, 63 P. (2d) 373. It is clear that, if the appellant is indebted to the respondents for the labor and materials in question, it cannot meet that obligation in the due course of business.

■ We have no hesitancy in holding that the appellant is indebted to the respondents for the labor and materials furnished on the purchase orders referred to, in an amount so far beyond its ability to pay in the due course of business that the finding of insolvency by the trial court was amply justified.

■ The appellant being insolvent, the court was authorized to appoint a receiver if, in its sound discretion, it

deemed it to be necessary in order to secure ample justice to the parties:

"A receiver may be appointed by the court in the following cases: . . .

"(5) When a corporation has been dissolved, or is in the process of dissolution or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights, and when the court in its sound discretion deems that the appointment of a receiver is necessary to secure ample justice to the parties; . . ." (Rem. Rev. Stat. (Sup.), § 741 [P.P.C. § 91-3].)

The testimony before the trial court disclosed that in another action the respondents were claiming indebtedness of thirteen thousand dollars from the appellant for other labor and materials furnished, and that other firms were asserting like claims in large amounts. Sound discretion demanded that a receiver be appointed.

The trial court, in its order appointing receivers in this case, referred only to the insolvency of the corporations and appointed a different receiver for each corporation; and we hereby affirm its finding of insolvency and of necessity for the appointment of a receiver so far as the appellant corporation is concerned. It is therefore unnecessary to pass upon the, other question suggested by the trial court and argued in the briefs, relative to the right of the trial court to disregard the corporate entities and to pierce the very transparent corporate veil.

The order appealed from is in all respects affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and SCHWELLENBACH, JJ., concur.